**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1281C

(Filed: February 24, 2017)

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STEVEN SHELDEN, et al.,

         Plaintiffs,

v.

UNITED STATES,

         Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FILED**

**FEB 2 4 2017**

U.S. COURT OF
FEDERAL CLAIMS

Steven Shelden, *pro se*, Goodyear, Arizona.

Borislav Kushnir, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Benjamin C. Mizer, former Principal Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and L. Misha Preheim, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiff, Steven Shelden, brings suit ostensibly against 22 defendants, including government agencies, judges, court clerks, senators, individual states, sheriff's departments, and corporations.[1] Plaintiff raises a broad range of claims, specifically alleging that defendants have

---

[1] Mr. Shelden states that he is an executive officer of Innoventureica, LLC, and was formerly the chief executive officer of Alzcog Therapeutics, LLC, both of which are also named as plaintiffs. Compl. ¶ 3a. That joinder is improper because "[a]n individual who is not an attorney . . . may not represent a corporation, an entity, or any other person in any proceeding before this court." Rule 83.1(a)(3) of the Rules of the Court of Federal Claims ("RCFC"). This rule is one of long standing. *See Talasila, Inc. v. United States*, 240 F.3d 1064, 1067 (Fed. Cir. 2001) (considering the predecessor to RCFC 83.1(a)).

violated constitutional and statutory provisions, breached a contract, committed torts and criminal acts, and engaged in general misconduct, among other allegations. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), or, alternatively, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 8. For the reasons stated, the government's motion is granted.

## BACKGROUND

On October 5, 2016, Mr. Shelden filed his complaint naming the numerous defendants. *See* Compl. at 1-2. He describes his suit as one "for crimes against humanity." Compl. at 1. At the outset, Mr. Shelden recites a litany of grievances, alleging that various senators have failed to investigate criminal activity and committed defamation, federal judges have obstructed justice and disregarded "anti-trust and corporate laws," and federal agencies and judges have committed fraud. Compl. ¶ 2b. He further alleges that individual states and sheriff's departments, as well as the Federal Bureau of Investigation and United States Department of Justice, have "repeatedly violat[ed] [his] constitutional rights . . . for over 35 years." Compl. ¶ 3b. Additionally, Mr. Shelden includes factual allegations regarding his personal circumstances, including references to improper medical treatment received, Compl. ¶ 11a, applications submitted to universities, Compl. ¶¶ 38-39, and prior divorce proceedings, Compl. ¶ 40.

In his first claim for relief, Mr. Shelden alleges that defendants have violated the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution. *See* Compl. ¶¶ 93-100, 108, 303; Pls.' Resp. to Def.'s Mot. to Dismiss ("Pls.' Opp'n") at 11, ECF No. 9. Mr. Shelden states that defendants violated his First Amendment rights by interfering with his "freedom of expression in the press or mass communication" regarding his businesses. Compl. ¶¶ 94-95. He premises a Fourth Amendment claim on the grounds that defendants have denied him privacy, taken his documents, and "broken into" his car and home. Compl. ¶¶ 96-97. He also alleges that defendants contravened the Takings Clause of the Fifth Amendment due to the "loss of [a] National Institute of Health . . . grant," which he allegedly lost because of a "conspiracy" and "malice spanning 35 years." Pls.' Opp'n at 4. Mr. Shelden further raises a claim of denial of due process under the Fifth Amendment, Compl. ¶¶ 98-99, a claim of cruel and unusual punishment under the Eighth Amendment, Compl. ¶ 99, a claim founded on "[f]reedom from [f]alse or [m]alicious [p]rosecution" based upon the Sixth Amendment, Compl. ¶ 100, a claim of denial of equal protection under the Fourteenth Amendment, Pls.' Opp'n at 11, and references generally to contravention of the Sixth Amendment, Compl. ¶¶ 93, 108. Additionally, he contends that he has been falsely charged with multiple crimes. *See* Compl. ¶¶ 102-07.

In his second claim, Mr. Shelden alleges that defendants, in the course of the past 34 years, have failed "to protect minorit[ies] and retaliation against witnesses," refused to enforce

---

Additionally, the court lacks jurisdiction over any of the 22 named defendants in Mr. Shelden's complaint because the United States is the only proper defendant in this court. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003).

various laws, committed "slander and defamation" against plaintiff, and engaged in "assaults and harassment." Compl. ¶ 111. In his third and final claim, Mr. Shelden alleges that particular corporations have "perpetuate[d] harmful and malicious 'misinformation'" about him, "obstruct[ed] and perverted justice," caused him to incur losses by "thwarting" his business, and committed "criminal and illegal acts." Compl. ¶ 150.

As a result of defendants' alleged conduct, Mr. Shelden requests $75.1 billion in damages. Compl. ¶ 302. He also seeks injunctive relief by requesting that the court enforce a previous order in a divorce case, remove prior accusations and charges brought against him, assist him in acquiring a passport, grant him access to records held by corporations in the United States, and provide general injunctive relief "due to loss of past and present health insurance, harm to business reputation, [and] loss of earning capacity." *See* Compl. ¶¶ 309-10, 314, 317.[2]

## STANDARDS FOR DECISION

As plaintiff, Mr. Shelden has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not provide a plaintiff with any substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To perfect jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Testan*, 424 U.S. at 398).

In evaluating a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the court examines whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2]Mr. Shelden also filed a notice of related cases, indicating that he has filed nine additional lawsuits prior to bringing the suit presently before this court. Notice of Related Cases (Oct. 5, 2016), ECF No. 3. Notably, last year plaintiff filed suit in the United States District Court for the District of Columbia against 13 defendants, comprising government agencies, judges, sheriff's departments, and individual states. *See generally Shelden v. United States Dep't of Justice*, No. 16-590, Compl. (D.D.C. Mar. 30, 2016) ("District Court Compl."). These 13 defendants are all named defendants in this suit as well. Additionally, plaintiff's complaint in the district court is substantially similar to the complaint presently before this court. Both complaints use nearly identical language to allege "crimes against humanity" and unlawful activity, such as fraud, obstruction of justice, and defamation. *Compare* District Court Compl. ¶ 2b, *with* Compl. ¶ 2b. The district court dismissed plaintiff's complaint, describing it as "a mishmash of unrelated and bizarre allegations" and stating that the court could not "identify any factual contentions that are comprehensible and potentially credible." *See Shelden v. United States Dep't of Justice*, No. 16-590, Mem. Op. at 1-2 (D.D.C. Mar. 31, 2016) ("District Court Mem.").

3

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To avoid dismissal, the facts alleged "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Kam-Almaz v. United States*, 682 F.3d 1364, 1367-68 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). The court must accept all factual allegations in the complaint as true and draw "all reasonable inferences in favor of the non-movant," *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (internal citations omitted), but it need not accept legal conclusions, *Rack Room Shoes v. United States*, 718 F.3d 1370, 1376 (Fed. Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

Mr. Shelden first alleges numerous constitutional violations, but the court lacks jurisdiction to address these allegations. In bringing his constitutional claims, Mr. Shelden relies on *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl. ¶ 109. In *Bivens*, the Supreme Court held that in certain circumstances, a plaintiff may bring a claim against government officials in their individual capacities for violations of the plaintiff's constitutional rights. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing *Bivens*, 403 U.S. 388). Nonetheless, the court lacks jurisdiction over *Bivens* claims because the Tucker Act does not provide the court with jurisdiction over claims against individual federal officials. *See id.* at 624 (citing 28 U.S.C. § 1491(a)). Additionally, Mr. Shelden's stand-alone constitutional claims citing the First, Fourth, Sixth, Seventh, Eighth, and Fourteenth Amendments are not properly before this court because those amendments are not money-mandating. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money.") (citations omitted); *Brown*, 105 F.3d at 623 (holding that the Fourth Amendment does not mandate payment and therefore such claims are not within the jurisdiction of the court) (citing *Mitchell*, 463 U.S. at 218; *Murray v. United States*, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987)); *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999) (holding that the court lacks jurisdiction over Sixth Amendment claims because the Sixth Amendment is not money-mandating) (citations omitted), *aff'd*, 217 F.3d 854 (Fed. Cir. 1999); *Harris v. United States*, 118 Fed. Cl. 180, 190 (2014) (holding that claims under the Seventh Amendment are not properly brought in this court because that amendment is not a money-mandating provision); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment as the Eighth Amendment 'is not a money-mandating provision.'") (citations omitted); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Equal Protection and Due Process Clauses of the Fourteenth Amendment do not provide "a sufficient basis for jurisdiction because they do not mandate payment of money by the government") (citations omitted).

Similarly, the court does not have jurisdiction over Mr. Shelden's due process claim under the Fifth Amendment. *See LeBlanc*, 50 F.3d at 1028. And, although the court generally has jurisdiction over Fifth Amendment claims brought under the Takings Clause, the court lacks jurisdiction here because Mr. Shelden's takings claim spans 35 years and the particular property

alleged to have been taken has not been identified with specificity;[3] thus, the six-year statute of limitations has expired. *See Energy Sec. of Am. Corp. v. United States*, 86 Fed. Cl. 554, 559-61 (2009) (dismissing plaintiffs' takings claim because, among other reasons, plaintiffs failed to file suit within six years of when the claim accrued) (citing 28 U.S.C. § 2501), *aff'd*, 356 Fed. Appx. 414 (Fed. Cir. 2009).[4]

Further, Mr. Shelden's statutory claims are not properly before this court. Mr. Shelden attempts to invoke 42 U.S.C. § 1983, Compl. ¶ 116, but "jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts," *Hardin v. United States*, 123 Fed. Cl. 667, 671 (2015) (quoting *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005), *appeal dismissed*, 146 Fed. Appx. 491 (Fed. Cir. 2005)). He also mentions antitrust violations, *see* Compl. ¶ 2b; Pls.' Opp'n at 3, but "[c]laims for violations of the antitrust laws are not within the scope of the Tucker Act," *Smith v. United States*, 34 Fed. Cl. 313, 321 (1995), *appeal dismissed*, 91 F.3d 165 (Fed. Cir. 1996). Overall, Mr. Shelden simply fails to identify any money-mandating source of law that could provide the court with jurisdiction under the Tucker Act.

Mr. Shelden also attempts to bring his claims within the jurisdiction of the court by citing the Contract Disputes Act ("CDA"), Pub. L. No. 95-563, 92 Stat. 2383 (1978), as now recodified at 41 U.S.C. §§ 7101-7109. *See* Compl. ¶ 32b. He specifically claims that a contract arose with the federal government because the United States is "a free-enterprise country with [c]onstitutional and statu[]tory protections," which allegedly entitles Mr. Shelden "to freedom to operate." Compl. ¶ 32b. Mr. Shelden fails to include any factual allegations that could support such a contract. While the Tucker Act provides this court with jurisdiction "to render judgment upon any claim by or against, or dispute with, a contractor arising under section 7104(b)(1)" of the CDA when the contractor first submits an administrative claim, 28 U.S.C. § 1491(a)(2), Mr. Shelden's alleged "freedom to operate" does not provide any basis for a contract with the government.[5]

---

[3] As the government notes, Mr. Shelden's claim merely refers to "a Program Announcement that generally invites businesses to submit Small Business Innovation Research grant applications." Def.'s Reply in Support of Def.'s Mot. to Dismiss ("Def.'s Reply") at 2, ECF No. 11. Mr. Shelden has not provided any factual allegations regarding the program or his grant application, and has thus failed to establish a property interest that could provide this court with jurisdiction.

[4] There is a narrow exception to the six-year statute of limitations where "the running of the statute will be suspended when an accrual date has been ascertained, but plaintiff does not know of his claim." *Energy Sec. of Am. Corp.*, 86 Fed. Cl. at 559 (quoting *Japanese War Notes Claimants Ass'n of Philippines, Inc. v. United States*, 373 F.2d 356, 358-59 (Ct. Cl. 1967)). Mr. Shelden's vague reference to a grant he allegedly did not receive due to 35 years of misconduct by defendants, *see* Pls.' Opp'n at 4, fails to invoke this limited exception.

[5] Even if the court did have jurisdiction, the contract claim would be dismissed under RCFC 12(b)(6) for failure to state a claim. The elements of a valid contract with the government include: "(1) mutuality of intent to contract; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government." *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (citing

Mr. Shelden's additional claims, which include allegations related to tortious conduct, criminal wrongdoing, and judicial misconduct, are also jurisdictionally unavailing. Mr. Shelden raises numerous allegations based in tort, such as defamation and slander. *See, e.g.*, Compl. ¶ 2b. In doing so, he relies on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80; *see also* 28 U.S.C. § 1346(b). *See* Compl. ¶ 112. The court does not have jurisdiction over allegations based in tort, *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008), and the "district courts have exclusive jurisdiction to consider tort claims against the United States that fall within the purview of the FTCA," *Zhao v. United States*, 91 Fed. Cl. 95, 100 (2010) (citing 28 U.S.C. § 1346(b); *Wood v. United States*, 961 F.2d 195, 197 (Fed. Cir. 1992)). Similarly, the court lacks jurisdiction over Mr. Shelden's criminal allegations, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."), and his claims of judicial wrongdoing, *see Uzamere v. United States*, Nos. 10-585C & 10-591C, 2010 WL 3528897, at *3 (Fed. Cl. Sept. 3, 2010) ("Claims for alleged judicial misconduct . . . are not money-mandating and therefore cannot serve as a basis for jurisdiction in this court.").

Finally, Mr. Shelden's various requests for injunctive relief, *see* Compl. ¶¶ 309-10, 314, 317, are not properly before the court because "[t]he Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief," *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013).[6]

Ultimately, Mr. Shelden raises numerous allegations of wrongdoing, but none of his allegations or claims are within the jurisdiction of this court.

---

*Schism v. United States*, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (en banc)). In emphasizing his "freedom to operate," Mr. Shelden has not provided a factual basis for any of these four required elements.

[6]The government also asserts that Mr. Shelden's claims are precluded under the doctrine of res judicata, which is an affirmative defense. Def.'s Mot. at 7-8. This doctrine provides that "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). In determining if a claim is barred by res judicata, the court applies a three-part test: "whether (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Sikorsky Aircraft Corp. v. United States*, 122 Fed. Cl. 711, 720 (2015) (quoting *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1324 (Fed. Cir. 2008)). Plaintiffs previously brought claims in the district court against 13 defendants, all of which are named defendants here, and plaintiffs' complaint in the district court was dismissed on the merits. *See generally* District Court Compl.; District Court Mem. The allegations in the district court complaint are based on many of the same facts as the allegations before this court, *see, e.g.*, District Court Compl. ¶ 10; Compl. ¶ 10, although Mr. Shelden has alleged some new facts and presented additional claims in his case in this court. Because the court does not have jurisdiction over plaintiff's claims for the reasons discussed *supra*, the court need not address whether the complaint in this court is based on the same set of transactional facts as the prior complaint in district court, such that res judicata would apply.

6

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge